UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

STEVEN RALSTON
    Plaintiff,

v.                                                                   No. 1:15-0024
                                                  Senior Judge Haynes

BUCKY ROWLAND, et al.
    Defendants.

# MEMORANDUM

Plaintiff, Steven Ralston, an inmate at the Maury County Jail, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Bucky Rowland, Debra Wagonschutz, Robin S. Walters, and Craig D'Apolito, the staff at the Maury County Jail. Plaintiff seeks injunctive relief and damages for violations of his First Amendment rights.

According to his complaint, the Maury County Jail has a policy whereby inmates are allowed out of their cells one hour a day. During this time, they are free to attend church services or spend time in the law library. Plaintiff alleges that this is not enough time to exercise his right of access to the courts or his right to practice his religious beliefs.

To state a claim for § 1983 relief, Plaintiff must allege plausible facts that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Plaintiff has a constitutionally protected right of access to the courts, Bounds v. Smith, 430 U.S. 817, 821-823 (1977), and a right to exercise his religious beliefs freely. Cruz v. Beto, 405 U.S.

1

319 (1972). A right of access to the courts claim is not established simply because the Plaintiff alleges that he has not been given adequate access to a law library or some alternate form of legal assistance. Plaintiff must allege that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996). In this regard, Plaintiff states only that "it has affected me greatly during my criminal case". Plaintiff does not explain how his criminal action has been adversely affected, given his right to counsel in the criminal proceeding.

A prisoner's right to exercise his religious beliefs is subject to reasonable limitations. Pell v. Procunier, 417 U.S. 812, 822 (1974). The policy instituted by the Jail does not prevent the Plaintiff from attending church services or exercising his religious beliefs. Jail policy allows the Plaintiff one hour a day to either attend church services or go to the law library. Plaintiff has not alleged plausible that his rights have been unduly burdened. Thus, Plaintiff has failed to allege facts to state a claim upon which relief can be granted. Under such circumstances, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

**ENTERED** this the __10__ April, 2015.

William J. Haynes, Jr
Senior United States District Judge